Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
CILENTI & COOPER, PLLC
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
pcooper@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CESAR CORDOBA, on behalf of himself and others similarly situated, | Case No. 15 Civ. 46 |
| Plaintiffs, | **COMPLAINT** |
| -against- | |
| YESHIVA BNOS AHAVAS ISRAEL, and DAVID GANZ, | |
| Defendants. | |

Plaintiff, Cesar Cordoba ("Plaintiff"), on behalf of himself and other similarly situated employees, by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against Defendants, Yeshiva Bnos Ahavas Israel ("Yeshiva Bnos Ahavas"), and David Ganz (collectively, "Defendants"), and states as follows:

### INTRODUCTION

1. Plaintiff, Cesar Cordoba, alleges, that pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), he is entitled to recover from the Defendants: (1) unpaid wages; (2) unpaid overtime compensation; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2. Plaintiff, Cesar Cordoba, further alleges, that pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (1) unpaid wages; (2) unpaid overtime compensation; (3) liquidated damages pursuant to the New York Wage Theft Prevention Act; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Defendant, Yeshiva Bnos Ahavas, is a New York religious corporation operating multiple schools in Brooklyn, New York, and has a management office at 2 Lee Avenue, Brooklyn, New York 11211.

6. Defendant, Yeshiva Bnos Ahavas, is a domestic religious organization organized and existing under the laws of the State of New York, which operates religious schools in Brooklyn, New York, and has a principal operating address at 2 Lee Avenue, Brooklyn, New York 11208.

7. Defendant, Yeshiva Bnos Ahavas, manages, operates, maintains, and controls religious schools in Kings County, New York.

8. Plaintiff Cesar Cordoba is an adult individual and former employee of Defendants.

9. Plaintiff Cesar Cordoba resides in Kings County, New York.

10. The performance of Plaintiff's job responsibilities, as well as the responsibilities of other similarly situated employees, was controlled by defendants David Ganz and Yeshiva Bnos Ahavas.

11. Upon information and belief, Defendant, David Ganz, is an adult individual residing in Brooklyn, New York, who at all relevant times managed and made business decisions at Yeshiva Bnos Ahavas, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

12. Upon information and belief, Defendant, David Ganz, is a managing agent of Yeshiva Bnos Ahavas, whose address is unknown at this time and who participated in the day-to-day operations of Yeshiva Bnos Ahavas, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Yeshiva Bnos Ahavas.

13. Plaintiff, Cesar Cordoba, was employed by Defendants in Kings County, New York, to work as a cook/kitchen worker, cleaner and porter at Defendants' religious school, from on or about 2000 through on or about June 23, 2014.

14. At all relevant times, Yeshiva Bnos Ahavas, was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

15. At all relevant times, Yeshiva Bnos Ahavas, was, and continues to be, "an enterprise engaged in commerce" within the meaning of the FLSA.

16. At all relevant times, the work performed by Plaintiff, and other similarly situated employees, was and is directly essential to the educational and religious institutions operated by Yeshiva Bnos Ahavas.

17. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff lawfully earned wages in contravention of the FLSA and New York Labor Law.

18. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff lawfully earned overtime wages in contravention of the FLSA and New York Labor Law.

19. Plaintiff, Cesar Cordoba, has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

20. In or around 2000, Plaintiff, Cesar Cordoba, was hired by Defendants to work as a kitchen helper/cook, cleaner and porter, at Defendants' religious school known as Yeshiva Bnos Ahavas, located at 2 Lee Avenue, Brooklyn, New York 11211.

21. Plaintiff, Cesar Cordoba, worked continuously for the defendants during the time period spanning 2000 until on or about June 23, 2014.

22. During Plaintiff Cesar Cordoba's employment by Defendants, he worked well over forty (40) hours per week. Plaintiff generally worked six (6) days a week, and his work shift generally consisted of eleven (11) hours per day.

23. Plaintiff was not paid wages or overtime wages for all hours worked. During the more recent six (6) years, Plaintiff was paid a bi-monthly salary of $970.00 to

4

$1,070.00 for all hours worked. Beginning in 2013, plaintiff's bi-monthly paystubs shows that he was always paid for exactly fifty-two (52) hours of work per week, although he generally worked more than sixty (60) hours per week.

24. Prior to 2013, plaintiff was paid a set salary and work performed above forty (40) hours per week was not paid at time and one-half the statutory minimum rate of pay as required by state and federal law. Beginning in 2013, plaintiff continued to be paid a salary, although his wage statements were changed to reflect fifty-two (52) hours of work per week. In both instances, plaintiff was not paid an hourly wage, and was not paid overtime for all hours worked.

25. Defendants knowingly and willfully operated their business with a policy of not paying wages to the Plaintiff and other similarly situated employees for all of the hours they worked.

26. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

27. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

28. Defendant, David Ganz, is an individual who, upon information and belief, manages and makes business decisions on behalf of Yeshiva Bnos Ahavas,

including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

29. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "28" of this Complaint as if fully set forth herein.

30. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

31. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

32. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

33. Plaintiff, and other similarly situated employees, worked hours for which he was not paid the statutory minimum wage.

34. At all relevant times, Defendants had a policy and practice of refusing to pay wages to Plaintiff, and other similarly situated employees, for some of their hours worked.

35. Defendants failed to pay Plaintiff, and other similarly situated employees, wages in the lawful amount for all hours worked.

36. Plaintiffs were entitled to be paid at the rate of time and one-half the statutory minimum for all hours worked in excess of the maximum hours provided for in the FLSA.

37. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

38. At all relevant times, Defendants had, and continues to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

39. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff for all hours worked, when they knew or should have known such was due and that non-payment of wages and overtime pay would financially injure Plaintiff.

40. Defendants failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours worked, and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

41. Defendants failed to provide Plaintiff with a true and accurate statement with every payment of wages pursuant to New York Labor Law § 195(3).

42. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

43. Defendants did not provide Plaintiff and all other similarly situated employees, with an accurate document accounting for their actual hours worked, and setting forth their hourly rate of pay, regular wage, and/or overtime wages.

44. Upon information and belief, this was done in order to disguise the actual number of hours the employees worked, and to avoid paying them for their full hours worked; and, overtime due.

45. Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and the New York Labor Law by failing to maintain accurate and complete timesheets and accurate payroll records.

46. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

47. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

48. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid minimum wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

49. Plaintiff is entitled to an award of his reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

50. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "49" of this Complaint as if fully set forth herein.

51. At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

52. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay wages in the lawful amount for hours worked.

53. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay overtime compensation for all hours worked in excess of forty (40) hours in a workweek.

54. Due to the Defendants' New York Labor Law violations, Plaintiff, and other similarly situated employees, are entitled to recover from Defendants their unpaid wages, unpaid overtime wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiff also seeks liquidated damages pursuant to New York Labor Law § 663(1).

## **PRAYER FOR RELEIF**

**WHEREFORE**, Plaintiff, Cesar Cordoba, on behalf of himself, and all similarly situated employees, respectfully requests that this Court grant the following relief:

(a) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York Labor Law;

(b) An award of unpaid wages due under the FLSA and New York Labor Law;

9

 (c) An award of unpaid overtime wages due under the FLSA and New York Labor Law;

 (d) An award of liquidated damages pursuant to 29 U.S.C. § 216;

 (e) An award of liquidated damages as a result of Defendants' failure to pay wages, and overtime compensation, pursuant to the New York Labor Law;

 (f) An order tolling the statute of limitations herein[1];

 (g) An award of prejudgment and post-judgment interest;

 (h) An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and,

 (i) Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
   January 6, 2015

Respectfully submitted,

By: _____
   Peter H. Cooper (PHC 4714)

CILENTI & COOPER, PLLC
**Attorneys for Plaintiff**
708 Third Avenue – 6th Floor
New York, NY 10017
Telephone (212) 209-3933
Facsimile (212) 209-7102
pcooper@jcpclaw.com

---

[1] The parties stipulated to toll the statute of limitations as of December 4, 2014.

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, __Cesar Cordoba__, am an employee formerly employed by __Yeshiva Bnos Ahavas Israel__, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
__10/31__, 2014

_____

Sworn to before me this __31__
day of __October__ 2014.

_____
Notary Public

PETER H. COOPER
Notary Public, State of New York
No. 02CO5059941
Qualified in NEW YORK County
Commission Expires MAY 6, 20__18__